FILED
2007 OCT 24 PM 12:46
JACKSONVILLE, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHELDON BRYAN COMPANIES,
d/b/a, INDEPENDENT MARKETING
GROUP, INC.,

Plaintiff,

Case No.: 3:07-cv-1010-J-12 MCR

vs.

GRAHAM THOMAS,
an individual,

Defendant.

_______________________________/

## COMPLAINT

Plaintiff, Sheldon Bryan Companies, d/b/a, Independent Marketing Group, Inc. ("IMG"), by and through its undersigned attorneys, sues Defendant Graham Thomas ("Defendant"), an individual, and alleges as follows:

### Jurisdiction and Venue

1. This is an action for declaratory relief brought pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.

2. Plaintiff, IMG, is a Florida corporation with its principal place of business in Jacksonville, Duval County, Florida.

3. Defendant is an individual who upon information and belief resides in Yardley, Pennsylvania, and is a citizen of Pennsylvania.

4. This Court has jurisdiction over Defendant pursuant to Fla. Stat. § 48.193(1)(g) as Defendant has breached a contract entered into in Florida with a Florida corporation that required acts to be performed in Florida. Additionally, the Court has jurisdiction pursuant to Fla. Stat. § 48.193(2) as Defendant has engaged in substantial and not isolated activity within Florida.

5. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 over the claims asserted herein, because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists between the parties.

**General Allegations**

6. IMG is an insurance wholesaler who brokers insurance contracts and places the contracts with insurance companies.

7. Defendant is an individual who sells insurance directly and through other agents for which Defendant receives a commission.

8. Before reaching an agreement, the parties had several meetings in Florida to discuss a possible working relationship.

9. As a result of these meetings in Florida, in or around July, 2004, IMG and Defendant entered into an oral agreement (the "Agreement"), which provided that Defendant would sell insurance for IMG.

10. Pursuant to the Agreement, Defendant was primarily paid based on the commission generated from his sales and sales from other agents.

11. During his work with IMG, Defendant made approximately ten (10) trips to Florida in furtherance of his work with IMG and communicated with IMG in Florida on a

regular basis.

12. Defendant consistently represented to others in the industry that Defendant worked for a Florida company. Defendant's email footer contained a Florida return address. Likewise, Defendant's business cards have always indicated a Florida address.

13. Pursuant to the Agreement, and consistent with industry standards, Defendant did not earn any commission until IMG was paid by the insurance companies in connection with the purchase of any insurance policy.

14. A prerequisite to entitlement to any commission was and is contingent upon employment with IMG at the time the insurance company paid or pays IMG for procuring an insurance policy.

15. In addition, pursuant to the Agreement, in the event any insurance company charges back, demands repayment of, or otherwise seeks to recover commissions paid relating to any insurance policy on which Defendant has been credited, paid, or otherwise earned a commission, IMG was and is entitled to charge back, deduct, or otherwise receive reimbursement from Defendant any sums paid to him in connection with such policy.

16. In or about the second quarter of 2007, IMG was successful in negotiating a new contract with an insurance company for whom it and its agents procured insurance policies.

17. Upon discovery of the new agreement between IMG and the referenced insurance company, Defendant attempted to renegotiate the terms of the Agreement with IMG. IMG and Defendant were unable to reach an agreement modifying the Agreement.

18. After failing to negotiate a modification of the Agreement with IMG, Defendant began to negotiate with IMG's competitors to transfer and/or otherwise divert business from IMG to such competitors.

19. Defendant's efforts to transfer and/or divert business from IMG to its competitors constituted a breach of Defendant's obligation of good faith, fair dealing, and/or duty of loyalty to IMG.

20. On or about September 18, 2007, Defendant contacted IMG by telephone and left a voice message on an IMG executive's voicemail system indicating his intent to terminate the Agreement with IMG.

21. The next day, IMG called to verify if, in fact, Defendant intended to terminate the Agreement. Defendant refused to return IMG's call, signifying that he had terminated the Agreement.

22. On or about September 22, 2007, Defendant contacted IMG in an effort to negotiate a possible reinstatement of the Agreement with IMG.

23. In response, IMG requested that Defendant fly to Jacksonville in order to negotiate the terms of Defendant's possible return to IMG and the reinstatement of the Agreement.

24. Ultimately, Defendant did not agree to meet with IMG and instead continued his pre-termination efforts to divert insurance business from IMG.

25. At the time of the termination of the Agreement by Defendant, Defendant owed substantial sums to IMG as a result of the rescission of an insurance policy on which Defendant had previously received commissions from IMG.

26. On or about October 17, 2007, Defendant demanded payment due to and owing to Defendant following his "termination". In the demand letter, Defendant demanded payment in the amount of $1,589,467.10.

27. All conditions precedent to this action have either occurred or have been performed, waived, or excused.

28. Plaintiff has retained the undersigned law firm and is obligated to pay them a reasonable amount for attorney's fees.

**COUNT I**

29. There exists a *bona fide* controversy between IMG and Defendant regarding the amount, if any, of commissions owing to Defendant.

30. The parties have an adverse interest with respect to the declaration sought by IMG. IMG contends that Defendant is owed no money, as he terminated the Agreement, and Defendant has taken the position that he is owed in excess of $1,500,000.00, and alleges that IMG breached the Agreement.

31. IMG is in doubt about its obligations under the Agreement, and, as a result, IMG has an actual, practical, and present need for a declaration of rights regarding its obligations under the Agreement.

32. Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. §2201, Plaintiff seeks a declaration that:

a) The Agreement was terminable at will by either party;

b) Defendant breached the Agreement by breaching his duty of good faith, fair dealing, and/or duty of loyalty to IMG;

c) IMG owes Defendant no money as a result of Defendant's termination of the Agreement; and

d) Alternatively, IMG only owes Defendant commissions in connection with insurance policies procured in connection with Defendant's services for which IMG had received compensation at the time of Defendant's breach and/or termination of the Agreement minus any appropriate charge backs due to IMG from Defendant.

WHEREFORE, Plaintiff IMG seeks a judgment declaring that the Agreement was terminable at will by either party; that Defendant breached his obligation of good faith, fair dealing, and/or duty of loyalty to IMG; that IMG owes Defendant no money due to Defendant's termination of the Agreement and/or breach of his obligation under the Agreement; and alternatively, that to the extent IMG owes Defendant any commissions, IMG is entitled to a set off for any amounts which it has been back charged by any insurance carrier as a result of the rescission of any insurance policy on which Defendant has previously received commission payments, and grant such further and additional relief as this Court deems just and appropriate under the circumstances.

## DEMAND FOR JURY

IMG demands trial by jury on all issues so triable.

Dated this 24th day of October, 2007.

MILAM HOWARD NICANDRI
DEES & GILLAM, P.A.

By ______________________
W. Braxton Gillam, IV
Florida Bar No.: 122076
Michael T. Fackler
Florida Bar No.: 0612421
Trial Counsel
14 East Bay Street
Jacksonville, Florida 32202
Tel: (904) 357-3660 / Fax: (904) 357-3661
Email: bgillam@milamhoward.com
Email: mfackler@milamhoward.com

Attorneys for Plaintiff