IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO. 3:07-CV-01010-HWM-JRK

SHELDON BRYAN COMPANIES, d/b/a Independent Marketing Group, Inc.,

*Plaintiff,*

v.

GRAHAM THOMAS,

*Defendant*,

v.

ANDREW MORAFATES, SHELDON C. BRYAN, and BRIAN KEEN,

*Counterdefendants.*

**DEFENDANT'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, Graham Thomas, answers Plaintiff's Complaint as follows:

***FIRST DEFENSE***

***Admissions and Denials***

1. For purposes of the claim asserted by Plaintiff, Defendant admits subject-matter jurisdiction, personal jurisdiction, and proper venue.

2. Defendant admits the allegations of paragraphs 2, 3, 6, 7, and 30.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 16 and 31.

4. As to paragraph 11, Defendant admits that he made trips to Florida in furtherance of his work for IMG, otherwise denies the allegations.

5. As to paragraph 12, Defendant admits the second sentence, otherwise denies the allegations.

6. As to paragraph 26, Defendant admits that the referenced letter was sent to IMG and that it speaks for itself, otherwise denies the allegations.

7. As to paragraph 32, Defendant admits that IMG requests the relief stated, otherwise denies the allegations.

8. Defendant denies all remaining allegations.

## *SECOND DEFENSE*

### *Failure to State Claim for Relief*

9. The Complaint fails to state a claim upon which relief may be granted.

## *COUNTERCLAIM*

Defendant, Graham Thomas, sues Plaintiff, The Sheldon Bryan Companies, Inc., a Florida corporation d/b/a Independent Marketing Group ("IMG"), and Counterdefendants, Andrew Morafates, Sheldon C. Bryan, and Brian Keen, and alleges:

### *COUNT 1*

### *Claim Under Pennsylvania Wage Payment and Collection Law (43 Pa. Stat. §§ 260.1a et seq.)*

10. This is an action that is so related to the claim asserted in the main action that it forms part of the same case or controversy.

11. Defendant Thomas is a citizen of the state of Pennsylvania, IMG is a corporation incorporated under the laws of the state of Florida and having its principal place of business in

the state of Florida, Counterdefendants Morafates and Bryan are citizens of the state of Florida, Counterdefendant Keen is a citizen of the state of Georgia, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

12. Counterdefendants Morafates, Bryan, and Keen at all material times have been officers, managing agents, and/or employees of IMG and have continuously conducted activities as such in the state of Florida. Each of them consents to the court's exercise of jurisdiction over him for purposes of the claim asserted herein.

13. IMG maintains an office in Duval County, Florida, for the transaction of its customary business.

14. On or about July 10, 2004, Thomas, while in the state of Pennsylvania, and IMG orally agreed that IMG would employ Thomas as a life-insurance wholesaler on terms memorialized in that certain e-mail from Morafates to Thomas dated July 10, 2004, a copy of which is "Exhibit A" attached to this pleading. In particular among other things, IMG covenanted to pay Thomas:

(a) 40% of the difference between the amount that an insurance carrier paid to IMG for a policy placed with it through Thomas's efforts and the amount paid by IMG to the broker (hereinafter "Placed Policy Commission"); and

(b) 5% of the total revenue produced by Thomas in excess of $1,500,000 (hereinafter "Total Revenue Commission").

15. In 2006 Thomas and IMG orally agreed to modify the agreement by reducing the amount of the Placed Policy Commission from 40% to 35%.

16. In 2007 Thomas, as an accommodation to IMG, orally agreed that the Placed Policy Commissions be paid as and when IMG received payment by the respective insurance carriers.

17. Thomas at all material times resided in the state of Pennsylvania and conducted much of his work for IMG from his home in the state of Pennsylvania.

18. Thomas's employment with IMG was terminated on or about September 24, 2007.

19. As of September 24, 2007, there was due and owing to Thomas from IMG the sum of $291,462.79 in Placed Policy Commissions on policies for which IMG had received payment.

20. In addition, as of September 24, 2007, there was due and owing to Thomas from IMG on an "as paid" basis Placed Policy Commissions in excess of $1,000,000.

21. As of September 24, 2007, there was due and owing to Thomas from IMG the sum of $241,449.40 in Total Revenue Commissions on policies for which IMG had received payment.

22. In addition, as of September 24, 2007, there was due and owing to Thomas from IMG on an "as paid" basis Total Revenue Commissions in excess of $60,000.

23. Thomas has demanded payment of the foregoing amounts, but IMG has refused to pay them.

24. All conditions to IMG's covenants to pay Thomas the commissions due him have been performed, have otherwise occurred, or have been waived.

25. IMG breached the agreement by failing to pay Thomas the commissions due him.

26. As a result, Thomas has lost commissions totaling in excess of $1,600,000.

27. The foregoing amounts have been overdue for a period in excess of thirty days.

28. No good-faith contest or dispute exists between Thomas and IMG regarding IMG's obligation to pay Thomas the commissions due him.

29. Counterdefendants Morafates, Bryan, and Keen actively and personally participated in the decision not to pay Thomas the commissions due him.

30. Under law Thomas has suffered liquidated damages equal to 25% of the overdue commissions.

31. Thomas has retained counsel to prosecute this action on his behalf and is obligated to them a reasonable fee for their services.

WHEREFORE, Thomas demands judgment against IMG, Morafates, Bryan, and Keen for compensatory damages in excess of $1,600,000, statutory liquidated damages equal to 25% of the amount due, and costs, including attorney's fees.

***COUNT 2***

***Breach of Contract***

32. Thomas realleges paragraphs 10, 11, and 13 through 24 of this pleading and incorporates them in this Count 2 by reference.

33. IMG breached the agreement by failing to pay Thomas the commissions due him.

34. As a result, Thomas has lost commissions totaling in excess of $1,600,000.

WHEREFORE, Thomas demands judgment against IMG for damages in excess of $1,600,000, plus prejudgment interest and costs.

***COUNT 3***

***Unjust Enrichment/Quantum Meruit***

35. Thomas realleges paragraphs 10, 11, and 13 of this pleading and incorporates them in this Count 3 by reference.

36. On or about July 10, 2004, Thomas and IMG orally agreed that IMG would employ Thomas as a life-insurance wholesaler, and Thomas undertook the duties of that employment.

37. Thomas generated revenue for IMG at IMG's specific behest.

38. The value of Thomas's services for which he has not been paid exceeds $1,600,000.

39. IMG would be unjustly enriched and it would be unconscionable as a matter of law if IMG were allowed to retain the benefits of Thomas's services without compensating him for those services.

WHEREFORE, Thomas demands judgment against IMG for damages in excess of $1,600,000, plus prejudgment interest and costs.

***CERTIFICATE OF SERVICE***

I certify that on December 28, 2007, I electronically filed this document with the Clerk of the Court by using the CM/ECF system.

s/ DCulverSmithIII

D. Culver Smith III
Florida Bar No. 0105933
*of*
**FOX ROTHSCHILD LLP**
Suite 700, Esperanté Building
222 Lakeview Avenue
West Palm Beach, FL 33401
*Tel.*: 561-804-4403 (direct)
*Fax*: 561-835-9602
*Email*: dcsmith@foxrothschild.com

*Trial Counsel for Defendant*

# EXHIBIT - A

**Graham Thomas**

**From:** AndrewMorafates@aol.com
**Sent:** Saturday, July 10, 2004 5:47 PM
**To:** graham@scb.cc
**Cc:** corey@scb.cc
**Subject:** Agreement

Graham,
This is a summary of what we have discussed concerning our working relationship.
You will be paid 40% of the revenue on all cases you pay. Revenue is simply the difference between what we get paid by the carrier and what we pay the broker. Commissions will be on an earned basis. You will share in ALL revenue. The only revenue that will not be shared will be monies paid to us for support projects, ie. "soft money" An example would be , say MONY gives us $50,000 to pay support salaries or say they pay tob ring us together for a meeting. This would be monies in addition to regular commission. This money would not be split. When you have reached $1,500,000 in revenue you get an additional 5% retroactive bonus to dollar one.
On all brokerage managers you recruit we will give you a 5% override on their business. To date this incluses Mike Venezia and Briam Kreider.
We will pay 80% of your health insurance. We currently have the same plan as Bisys...Blue Cross/ Blue Shield PPO. We will give you $1,000 per month to cover expenses. This will be paid on the 15 and last day of the month. You will get $500 each check.
I think this covers the basic essentials of our agreement. I look forward to a long and prosperous relationship.
Keep in mind this agreement between us is a living and evolving thing. As time goes by we will need to make changes and adjustments.

Andrew Morafates